OPINION OF THE COURT

Per Curiam.

Judgment entered March 25, 1980 (Gammerman, J.) affirmed, with $25 costs.
The measure of damages was one correctly arrived at by Gammerman, J., at Trial Term. Section 2-708 of the Uniform Commercial Code provides that damage for a buyer’s nonacceptance or repudiation of a sales contract is to be measured by the difference between market price of the goods at the time and place of tender and the unpaid contract price.
This was the precise standard applied by the court below in the instant case. Trial Term subtracted $865.20 — which it determined to be the market price — from the contract price of $8,764.80. Defendant attacks the court’s decision that the resale offer of $865.20 was the market price, since according to plaintiff’s testimony *328 that resale offer came in July, 1979, well after the 1978 time for tender. Defendant notes that section 2-708 of the Uniform Commercial Code requires that in computing a seller’s damages the market price must be measured at the time of tender.
We are of the view, however, that the market price was sufficiently proven in the instant case. While, admittedly, the resale offer came after the time for tender, it can still be utilized as a market price. Subdivision (2) of section 2-723 of the Uniform Commercial Code states: “If evidence of a price prevailing at the times or places described in this Article is not readily available the price prevailing within any reasonable time before or after the time described or at any other place which in commercial judgment or under usage of trade would serve as a reasonable substitute for the one described may be used”.
A court is thus granted a “reasonable leeway” (Official Comments, McKinney’s Cons Laws of NY, Book 62x/2, Uniform Commercial Code, § 2-723, p 699) in measuring market price. In the instant case, the court’s determination that $865.20 was to be the market price measure was reasonably based and hence its damage award should be affirmed (cf. Jagger Bros, v Technical Textile Co., 202 Pa Super Ct 639).
Concur: Dudley, P. J., Hughes and Asch, JJ.